JONES, DICKEY & CO. v. BAKER *et al.*

1. **Appeal:** RECORD: DUTY OF COUNSEL. It is the duty of counsel in this court to so prepare and present the record of their causes as to facilitate the discovery of the facts and points involved, so that court may have its time for the performance of its proper duties.

2. **Evidence:** PROMISSORY NOTE: PROOF OF SIGNATURE. In an action on a promissory note, where the signature is not denied under oath, the note may be introduced in evidence without proof of the genuineness of the signature. (Code, sec. 2730.) The mere fact that the answer is sworn to makes no difference, where it contains no such denial.

3. **Mortgage:** MISTAKE IN DESCRIPTION: REFORMATION: EVIDENCE. The evidence in this case *held* sufficient to authorize the reformation of a mortgage to cure a mistake in the description of the property.

*Appeal from Carroll District Court.*

### FILED, DECEMBER 21, 1888.

ACTION to foreclose a mortgage. The petition alleges that the property conveyed, through mistake, is misdescribed in the mortgage. Plaintiffs pray that the mortgage may be reformed, and the mistake corrected. There was a decree granting the relief prayed for by plaintiff. One of the mortgagors and his wife, who joined in the execution of the mortgage, appeal.

*Benjamin I. Salinger,* for appellants.

*George W. Paine,* for appellees.

BECK, J.—I. This case is submitted upon an original, two amended, and one additional abstract, a part of which was submitted to the court at the October term, 1887, and the others at and subsequent to the May term, 1888. It required no little patience, in the absence of any aid from counsel, to trace up and discover all these papers. Our time devoted to this perplexing work could have been more profitably employed in the discharge of our proper duties. We will notice all objections made by defendants' counsel in the order of their discussion.

1. APPEAL: record: duty of counsel.

II. It is alleged that the notes offered in evidence were not identified, and were therefore erroneously admitted in evidence. But the additional abstract, as amended, shows that they were the identical notes described in the petition.

III. It is insisted that, as defendants' answer was verified, the notes were erroneously admitted in evidence

Jones, Dickey & Co. v. Baker.

**2. EVIDENCE: promissory note: proof of signature.** without proof of the genuineness of the signatures thereto. But defendants do not deny the genuineness of the signatures in their answer, as required by Code, section 2730.

IV. It is insisted that the evidence is not sufficient to authorize the decree reforming the mortgage. We **3. MORTGAGE: mistake in description: reformation: evidence.** think otherwise. The evidence shows that through mistake the mortgage incorrectly described the property intended to be conveyed. The mistake arises in erroneously giving the name of an addition in which one of the lots is situated, and describing the other as situated in the town, instead of an addition thereto. The evidence with sufficient clearness shows the mistake, and the true description of the property intended to be conveyed. Counsel present a *resume* of the rules of the law prescribing the character of proof demanded to make a case authorizing equity to correct a mistake in a written instrument. In our opinion the evidence sufficiently complies with these requirements. The wife of defendant, who appeals, intended, as is shown by the evidence, to relinquish her dower in the lot which the mortgagors sought to convey This is sufficient to authorize the correction as to her. Counsel for defendant do not deny this rule, but think that the intention of the wife is not shown; we think it is.

V. It is insisted that the judgment and decree is in excess of the sum due, as established by the evidence. As we understand the evidence,—and it cannot be denied that it is quite obscurely presented in the several papers of the case,—the decree is for the sum shown to be due upon the notes. We have considered all questions in the case, and reach the conclusion that the decree of the court below ought to be

AFFIRMED.